

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 04-3488 |
| JESCO CONSTRUCTION CORPORATION ET AL. | SECTION "I" (2) |

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: United States Fire Insurance Company's Motion for Reconsideration of This Court's January 30, 2006 Order, Pursuant to Federal Rule of Civil Procedure 59(e), Record Doc. No. 72

O R D E R E D:

XXX : DENIED. Nothing in movant's submissions changes the balance of equities in this case. Specifically, the Charleston Contract does not include a provision like the one in United States Fidelity & Guar. Co. v. Housing Auth. of Town of Berwick, 557 F.2d 482 (5th Cir. 1977). U.S. Fire submits the contract to show that it is subject to the Federal Acquisition Regulations ("FARs"). Various paragraphs in the contract refer to different provisions of the FARs.

The FARs include a provision that allows the government to setoff funds due to the contractor against a debt owed by the contractor to the government. 48 C.F.R. § 32.611 (quoted on p. 11 of the brief). This provision is not specifically incorporated

in or referred to in the Charleston Contract but the FARs, by their own terms, apply to all government construction contracts. This court has already recognized that the Corps has a common law right of setoff. Thus, the new evidence and the FARs do not add anything new to the analysis.

The only new case cited, Johnson v. All-State Constr., Inc., 329 F.3d 848 (Fed. Cir. 2003), holds that the government's setoff right under the FARs mirrors its common law right and that the "government retains its setoff right unless there is some explicit statutory or contractual provision that bars its exercise." Id. at 853. However, this case does not involve subrogation. The Federal Circuit held that the government may offset the progress payments due to a contractor against the government's claim for liquidated damages against the contractor arising out of the same contract. Thus, equitable considerations do not come into play.

U.S. Fire repeats its argument that Transamerica Ins. Co. v. United States, 989 F.2d 1188 (Fed. Cir. 1993), holds that the surety/subrogee can offset its loss with funds from another project involving the same contractor. U.S. Fire contends that this court erred when it held that a competing claim by a non-government entity should be equitably balanced and could prime the subrogee's right of offset. U.S. Fire argues that the language concerning equitable considerations only applies when there is a competing claim by another government entity, not when there is a secured private creditor.

Transamerica involved no competing claims by any entity besides the defaulting contractor. Thus, its language about counterbalancing the other interests and allowing the surety priority only over funds related to the contract it completed is not necessarily as limited as U.S. Fire argues.

Similarly, U.S. Fire repeats its arguments concerning Berwick and Chateaugay. This court has already considered those arguments.

New Orleans, Louisiana, this 1st day of March, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE